IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. AP-76,357




EX PARTE DERRICK COLLINS, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 31423CR IN THE 40TH DISTRICT COURT
FROM ELLIS COUNTY




           Per curiam.
 
O P I N I O N

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a
controlled substance with intent to deliver and sentenced to eight years’ imprisonment. He did not
appeal his conviction.
            Applicant contends that his trial counsel rendered ineffective assistance because she did not
take the appropriate steps to ensure that the trial court considered shock probation while it had
jurisdiction to do so. As part of an agreement with the State, Applicant pleaded true to the State’s
motion to revoke his community supervision in exchange for, inter alia, the State’s recommendation
that he be considered for shock probation. On the same day, he pleaded true to a motion to adjudicate
in Ellis County Case No. 31659CR and entered into an identical agreement with the State for that
case. Counsel filed a timely motion for shock probation in Case No. 31659CR and the trial court
issued a “Judgment for Shock Probation: Placing Defendant on Community Supervision.” However,
in the instant case, no such motion was made and no such judgment was signed, foreclosing
applicant’s release to community supervision in the Case No. 31659CR. 
            Trial counsel filed an affidavit responding to applicant’s ineffective assistance of counsel
allegation. According to counsel, the failure to file the appropriate motion to bring this case to the
trial court’s attention was due to an “accident or mistake.” The trial court found that counsel filed
a motion for imposition of shock probation in Case No. 31659CR, but did not do so in the instant
case due to “accident and mistake.” The trial court made no conclusions of law or recommendations. 
            After a review of the habeas record, this Court has determined that trial counsel was
ineffective in that counsel did not move for consideration of shock probation in a timely fashion and
that such ineffective representation prejudiced applicant. We find, therefore, that applicant is
entitled relief. 
            Relief is granted. The trial court’s May 21, 2008 judgment revoking community supervision
in Case No. 31423CR in the 40th Judicial District Court of Ellis County is set aside, and applicant
is remanded to the custody of the sheriff of Ellis County to answer the State’s motion to revoke
community supervision. 
            Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.
 
Delivered: May 26, 2010
Do Not Publish